IN THE IOWA DISTRICT COURT FOR DES MOINES COUNTY

| | |
|---|---|
| PATRICIA ANN WEILAND<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN RED CROSS,<br><br>    Defendant. | LALA005134<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:

You are notified that a petition has been filed in the office of the clerk of this court naming you as the Defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the Plaintiff is:

>Kenneth J. Weiland Jr., AT0008291
>WEILAND LAW FIRM, P.C.
>1414 12TH Street, Suite A
>Des Moines, Iowa 50314
>PH: (515) 419-1626
>Email: weilandlaw@yahoo.com

You **must** file an Answer or a Motion with the Clerk of Court in the above county within **20 day**s after you received this Original Notice. If you do not file an Answer or Motion within **20 days** after receiving this Original Notice, the **Court may enter a judgment against you** giving Plaintiff what he or she asked for in the Petition.

This case has been filed in a county that uses electronic filing. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and viewing documents in your case and for receiving service notices from the Court.

1

EXHIBIT
A

- For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 Pertaining to the Use of the Electronic Document Management System, available on the Iowa Judicial Branch website.
- For Court rules on the Protection of Personal Privacy in Court filings, refer to Division VI of the Iowa Court Rules Chapter 16.
- If you are unable to proceed electronically, you must receive permission from the Court to file in paper. Contact the clerk of Court in the county where the petition was filed for more information on being excused from electronic filing.

If you electronically file your Answer or Motion, it will be served automatically on Plaintiff or on Plaintiff's attorney(s). A Notice of Electronic Filing (NEF) will tell you if the Court has excused Plaintiff from electronic filing. If the Court has excused Plaintiff from electronic filing, you must mail a copy of your Answer or Motion to Plaintiff.

If you need assistance to participate in Court due to a disability, contact the disability coordinator at:641-684-6502. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). Disability coordinators cannot provide legal advice.

**IMPORTANT NOTICE**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

E-FILED  2019 FEB 28 3:25 PM DES MOINES - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

Case No. LALA005134

County Des Moines

Case Title   PATRICIA ANN WEILAND V. AMERICAN RED CROSS

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(641) 684-6502**  .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued   02/28/2019 03:25:12 PM



District Clerk of  Des Moines          County

/s/ Jill Lionberger

IN THE IOWA DISTRICT COURT FOR DES MOINES COUNTY

| | |
|---|---|
| PATRICIA ANN WEILAND<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN RED CROSS,<br><br>    Defendant. | LAW NO. _____<br><br><br>**PETITION AT LAW<br>and JURY DEMAND** |

Plaintiff, for her Petition at Law, states:

## PARTIES

1. The Plaintiff, PATRICIA ANN WEILAND, at all times present was and is a resident of Des Moines County in the State of Iowa.

2. The Defendant, AMERICAN RED CROSS (aka: American National Red Cross), is a Federally Chartered, Not-for-Profit Corporation charged with the duty and responsibility of collecting, manufacturing, and distributing various blood products.  The Defendant's regional headquarters at issue herein is located in Peoria, Illinois but is (or was) engaged in business in the State of Iowa.

## JURISDICTION and VENUE

3. Plaintiff realleges and incorporates paragraphs 1 through 2 of this petition.

4. The Plaintiff resides in the State of Iowa and is a resident of Des Moines County.

5. The Defendant is a Federally Chartered Not for Profit Corporation doing business in the state of Iowa.

6. As both parties have substantial contacts with the State of Iowa the State of Iowa has jurisdiction over this matter.  As the Plaintiff resides in Des Moines County, the County of Des Moines is the proper venue for this matter.

## GENERAL ALLEGATIONS

7. Plaintiff realleges and incorporates paragraphs 1 through 6 of this petition.

8. The Plaintiff was hired in March of 2005 by the Defendant.

9. The Plaintiff was hired to work as a phlebotomist for the purpose of drawing blood from donors at blood draws.

10. The Plaintiff was employed from March 2005 to January 6, 2017.

11. The Plaintiff's evaluations during this time at the Red Cross were always satisfactory or better with many if not most of the evaluations being rated very high.

12. During the course of the Plaintiff's employment with the Red Cross the Plaintiff was injured on the job four times.

13. The most serious of these injuries occurred in January 2013 which was the third injury sustained by the Plaintiff.

14. In January 2013 the Plaintiff fell while at a blood draw and broke her knee this injury necessitated a full knee replacement surgery.

15. Following the knee replacement and recovery from said surgery the Plaintiff returned to work with the Defendant, American Red Cross, just as the Plaintiff returned to work following the previous two injuries.

16. On or about February 5, 2016 the Plaintiff suffered her fourth and final injury while at work as an employee of the Defendant. The Plaintiff suffered injury to her rotator cuff, she suffered a concussion, a fractured right big toe, and bruising to both knees.

17. On or about March 21, 2016 the Plaintiff returned to work and the Defendant placed the Plaintiff on restricted duty.

18. From March 21, 2016 to September 26, 2016 the Plaintiff continued her employment with the Defendant, American Red Cross, and did so without any incident or complaint.

19. On September 26, 2016 the Defendant placed the Plaintiff on "ongoing leave of absence" with no indication of when or if the Plaintiff would be allowed to return to work. Also with no indication of what led to this decision to place the Plaintiff on this leave of absence.

20. Subsequent to placing the Plaintiff on "ongoing leave of absence" the Defendant demanded from the Plaintiff that she reproduce all the documentation from medical providers regarding the Plaintiff's medical condition.

21. The Defendant refused to pay for any of these documentations and the Plaintiff was unable to pay for all of the documentation as medical providers who had already provided reports regarding the treatment the Plaintiff had received were unwilling to duplicate the work or examine the Plaintiff again without being compensated.

22. The Plaintiff provided all documentation available to her but this was not sufficient to the Defendant.

23. The Defendant made it clear that there was a concern over the ability of the Plaintiff to do her job, even though she had been returned to work in March of 2016 and worked for approximately 6 months without any further problems.

2

24. The Defendant never discussed making reasonable accommodations for the Plaintiff to resolve the issues the Defendant had with the injuries or disability the Plaintiff suffered from.

25. The Plaintiff could perform the work and would have performed the work if the Defendant would have made the appropriate arrangements for the Plaintiff to continue her employment.

## RIGHT TO SUE

26. The Plaintiff realleges and incorporates paragraphs 1 through 25 of the Petition.

27. On or about October 19, 2017 the Plaintiff filed a complaint with the Iowa Civil Rights Commission and EEOC as a concurrent application. The Complaint was filed within the 300 day time period to file such a complaint.

28. The EEOC has provided a right to sue letter which is attached to this petition and the Plaintiff is requesting a right to sue letter from the Iowa Civil Rights Commission.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)
## FEDERAL DISABILITY DISCRIMINATION
## PURSUANT TO TITLE 42 OF THE UNITED STATES CODE

29. The Plaintiff realleges and incorporates paragraphs 1 through 28 of the Petition.

30. Plaintiff is an individual with a "disability" within the meaning of 42 U.S.C. §12102 as the Plaintiff was and is regarded as having a disability by the Defendant.

31. The Defendant intentionally discriminated against the Plaintiff in violation of the ADA in that Defendant discharged the Plaintiff because the Defendant regarded or perceived the Plaintiff as disabled.

32. As a direct and proximate result of the afore mentioned intentional discrimination the Plaintiff suffered harm, including loss of income in the form of wages, prospective retirement benefits, health insurance, social security, and other benefits.

33. The Plaintiff has also suffered emotional distress and other non-pecuniary losses.

3

## SECOND CAUSE OF ACTION
## STATE DISABILITY DISCRIMINATION
## VIOLATION OF IOWA CODE §216

34. Plaintiff realleges and incorporates paragraphs 1 through 33 of this petition.
35. Plaintiff is or was an "employee" within the meaning of the Iowa Civil Rights Act, Iowa Code §216.2(6)
36. Defendant is an "employer" within the meaning of the Iowa Civil Rights Act, Iowa Code §216.2(7)
37. Plaintiff is an individual with a "disability" within the meaning of Iowa Code §216 as the Plaintiff was regarded as having a disability by the Defendant.
38. Defendant discriminated against the Plaintiff because of the perceived disability in violation of Iowa Code §216
39. As a direct and proximate result of the afore mentioned intentional discrimination the Plaintiff suffered harm, including loss of income in the form of wages, prospective retirement benefits, health insurance, social security, and other benefits.
40. The Plaintiff has also suffered emotional distress and other non-pecuniary losses.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1991

41. The Plaintiff realleges and incorporates paragraphs 1 through 40 of the Petition.
42. The Civil Rights Act of 1991 provides for monetary damages for intentional discrimination.
43. The Acts of the Defendant(s) or the employees or agents of the Defendant(s) as described herein were of an intentional nature.
44. The Actions of the Defendant(s) are in violation of the Civil Rights Act of 1991.

## FOURTH CAUSE OF ACTION
## RETALIATION

45. The Plaintiff realleges and incorporates paragraphs 1 through 44 of the Petition.

46. The State and Federal Laws cited and not cited herein prohibit retaliatory actions against a party who files a workers compensation claim.

47. The Defendant retaliated against the Plaintiff by terminating her employment following a number of workers compensation claims.

48. The Plaintiff wanted to return to work and had returned to work following the last workers compensation claim, but the Defendant took action to terminate the Plaintiff.

49. The retaliation against the Plaintiff is a prohibited act and violates the Federal and State laws cited herein.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that will fully and completely compensate the Plaintiff for the injuries and damages sustained, together with attorney fees, interest thereon as provided by law, and for the costs of this action.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

　　　　　/s/ Kenneth J. Weiland Jr.
Kenneth J. Weiland, Jr., AT0008291
WEILAND LAW FIRM, P.C.
1414 12th Street
Suite A
Des Moines, IA  50314
PH: (515) 419-1626
Email: weilandlaw@yahoo.com

ATTORNEY FOR PLAINTIFF

5

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Kenneth Weiland**
**WEILAND LAW FIRM PC**
**1414 12TH STREET, STE A**
**Des Moines, IA 50314**

From: **Milwaukee Area Office**
**310 West Wisconsin Ave**
**Suite 500**
**Milwaukee, WI 53203**

For: **Patricia A. Weiland**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 26A-2018-00099 | Pamela A. Bloomer, State & Local Coordinator | (414) 297-4056 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman/pb*      9/5/2018

Enclosures(s)      **Julianne Bowman,**      *(Date Mailed)*
**District Director**

cc: Jeffrey W. Larroca
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
**1717 PENNSYLVANIA AVE, NW**
**Washington, DC 20006**

For: **AMERICA RED CROSS**

IN THE IOWA DISTRICT COURT FOR DES MOINES COUNTY

| | |
|---|---|
| PATRICIA ANN WEILAND<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RED CROSS,<br><br>Defendant. | LALA005134<br><br><br>**AMENDED PETITION AT LAW and JURY DEMAND** |

Plaintiff, for her Petition at Law, states:

## PARTIES

1. The Plaintiff, PATRICIA ANN WEILAND, at all times present was and is a resident of Des Moines County in the State of Iowa.

2. The Defendant, AMERICAN RED CROSS (aka: American National Red Cross), is a Federally Chartered, Not-for-Profit Corporation charged with the duty and responsibility of collecting, manufacturing, and distributing various blood products.  The Defendant's regional headquarters at issue herein is located in Peoria, Illinois but is (or was) engaged in business in the State of Iowa.

## JURISDICTION and VENUE

3. Plaintiff realleges and incorporates paragraphs 1 through 2 of this petition.

4. The Plaintiff resides in the State of Iowa and is a resident of Des Moines County.

5. The Defendant is a Federally Chartered Not for Profit Corporation doing business in the state of Iowa.

6. As both parties have substantial contacts with the State of Iowa the State of Iowa has jurisdiction over this matter.  As the Plaintiff resides in Des Moines County, the County of Des Moines is the proper venue for this matter.

## GENERAL ALLEGATIONS

7. Plaintiff realleges and incorporates paragraphs 1 through 6 of this petition.

8. The Plaintiff was hired in March of 2005 by the Defendant.

9. The Plaintiff was hired to work as a phlebotomist for the purpose of drawing blood from donors at blood draws.

1

10. The Plaintiff was employed from March 2005 to January 6, 2017.

11. The Plaintiff's evaluations during this time at the Red Cross were always satisfactory or better with many if not most of the evaluations being rated very high.

12. During the course of the Plaintiff's employment with the Red Cross the Plaintiff was injured on the job four times.

13. The most serious of these injuries occurred in January 2013 which was the third injury sustained by the Plaintiff.

14. In January 2013 the Plaintiff fell while at a blood draw and broke her knee this injury necessitated a full knee replacement surgery.

15. Following the knee replacement and recovery from said surgery the Plaintiff returned to work with the Defendant, American Red Cross, just as the Plaintiff returned to work following the previous two injuries.

16. On or about February 5, 2016 the Plaintiff suffered her fourth and final injury while at work as an employee of the Defendant.  The Plaintiff suffered injury to her rotator cuff, she suffered a concussion, a fractured right big toe, and bruising to both knees.

17. On or about March 21, 2016 the Plaintiff returned to work and the Defendant placed the Plaintiff on restricted duty.

18. From March 21, 2016 to September 26, 2016 the Plaintiff continued her employment with the Defendant, American Red Cross, and did so without any incident or complaint.

19. On September 26, 2016 the Defendant placed the Plaintiff on "ongoing leave of absence" with no indication of when or if the Plaintiff would be allowed to return to work.  Also with no indication of what led to this decision to place the Plaintiff on this leave of absence.

20. Subsequent to placing the Plaintiff on "ongoing leave of absence" the Defendant demanded from the Plaintiff that she reproduce all the documentation from medical providers regarding the Plaintiff's medical condition.

21. The Defendant refused to pay for any of these documentations and the Plaintiff was unable to pay for all of the documentation as medical providers who had already provided reports regarding the treatment the Plaintiff had received were unwilling to duplicate the work or examine the Plaintiff again without being compensated.

22. The Plaintiff provided all documentation available to her but this was not sufficient to the Defendant.

23. The Defendant made it clear that there was a concern over the ability of the Plaintiff to do her job, even though she had been returned to work in March of 2016 and worked for approximately 6 months without any further problems.

2

24. The Defendant never discussed making reasonable accommodations for the Plaintiff to resolve the issues the Defendant had with the injuries or disability the Plaintiff suffered from.

25. The Plaintiff could perform the work and would have performed the work if the Defendant would have made the appropriate arrangements for the Plaintiff to continue her employment.

## RIGHT TO SUE

26. The Plaintiff realleges and incorporates paragraphs 1 through 25 of the Petition.

27. On or about October 19, 2017 the Plaintiff filed a complaint with the Iowa Civil Rights Commission and EEOC as a concurrent application. The Complaint was filed within the 300 day time period to file such a complaint.

28. The EEOC has provided a right to sue letter which is attached to this petition and the Plaintiff is requesting a right to sue letter from the Iowa Civil Rights Commission.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)
## FEDERAL DISABILITY DISCRIMINATION
## PURSUANT TO TITLE 42 OF THE UNITED STATES CODE

29. The Plaintiff realleges and incorporates paragraphs 1 through 28 of the Petition.

30. Plaintiff is an individual with a "disability" within the meaning of 42 U.S.C. §12102 as the Plaintiff was and is regarded as having a disability by the Defendant.

31. The Defendant intentionally discriminated against the Plaintiff in violation of the ADA in that Defendant discharged the Plaintiff because the Defendant regarded or perceived the Plaintiff as disabled.

32. As a direct and proximate result of the afore mentioned intentional discrimination the Plaintiff suffered harm, including loss of income in the form of wages, prospective retirement benefits, health insurance, social security, and other benefits.

33. The Plaintiff has also suffered emotional distress and other non-pecuniary losses.

## SECOND CAUSE OF ACTION
## STATE DISABILITY DISCRIMINATION
## VIOLATION OF IOWA CODE §216

34. Plaintiff realleges and incorporates paragraphs 1 through 33 of this petition.
35. Plaintiff is or was an "employee" within the meaning of the Iowa Civil Rights Act, Iowa Code §216.2(6)
36. Defendant is an "employer" within the meaning of the Iowa Civil Rights Act, Iowa Code §216.2(7)
37. Plaintiff is an individual with a "disability" within the meaning of Iowa Code §216 as the Plaintiff was regarded as having a disability by the Defendant.
38. Defendant discriminated against the Plaintiff because of the perceived disability in violation of Iowa Code §216
39. As a direct and proximate result of the afore mentioned intentional discrimination the Plaintiff suffered harm, including loss of income in the form of wages, prospective retirement benefits, health insurance, social security, and other benefits.
40. The Plaintiff has also suffered emotional distress and other non-pecuniary losses.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1991

41. The Plaintiff realleges and incorporates paragraphs 1 through 40 of the Petition.
42. The Civil Rights Act of 1991 provides for monetary damages for intentional discrimination.
43. The Acts of the Defendant(s) or the employees or agents of the Defendant(s) as described herein were of an intentional nature.
44. The Actions of the Defendant(s) are in violation of the Civil Rights Act of 1991.

## FOURTH CAUSE OF ACTION
### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY WORKERS' COMPENSATION RETALIATION

45. The Plaintiff realleges and incorporates paragraphs 1 through 44 of the Petition.

46. Plaintiff sustained work-related injuries while working for the Defendant.

47. The Plaintiff was eligible to pursue and did purse and/or sought to pursue and/or was considering pursuing and/or was attempting to pursue worker's compensation benefits in connection with one or more of her work-related injuries.

48. The Plaintiff did file and pursue a workers' compensation claim.

49. It is the public policy of the State of Iowa, pursuant to Iowa Code Chapter 85, that employers may not legally terminate the employment of employees because they suffered or reported a workplace injury, or may suffer or report a workplace injury, or because they sought or may seek to file a workers compensation report or first report of injur form or because they otherwise sought or may seek to pursue workers' compensation benefits.

50. In violation of the public policy of the State of Iowa Defendant terminated Plaintiff's employment because Plaintiff suffered and/or reported a workplace injury and/or may suffer or report a workplace injury and/or because Plaintiff sought or may seek to file a workers compensation report or first report of injury and/or because Plaintiff otherwise sought or may seek to pursue workers compensation benefits and/or because Defendants attempt to dissuade or prevent Plaintiff from otherwise pursuing a workers compensation benefits.

51. Plaintiffs injuries and the facts noted herein were a determinative factor in Defendant's decision to retaliated against the Plaintiff and terminate her employment.

52. Defendant's actions, including the termination of Plaintiff's employment violated the public policy of the State of Iowa

53. If not addressed and remedied such actions would contravene and subvert well-recognized and defined public policies of the State of Iowa.

54. As a result of the Defendant's actions the Plaintiff has suffered and will suffer injuries and damages.

55. Defendant acted willfully and with wanton disregard for the Plaintiff's rights.

56. The Plaintiff is entitled to punitive damages due to the willful and wanton actions of the Defendant.

5

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount that will fully and completely compensate the Plaintiff for the injuries and damages sustained, together with attorney fees, interest thereon as provided by law, and for the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

　　/s/ Kenneth J. Weiland Jr.　　
Kenneth J. Weiland, Jr., AT0008291
WEILAND LAW FIRM, P.C.
1414 12th Street
Suite A
Des Moines, IA  50314
PH: (515) 419-1626
Email: weilandlaw@yahoo.com

ATTORNEY FOR PLAINTIFF